UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY GROSSO,

       Plaintiff,

 – *against* –

ACTING COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

**OPINION & ORDER**

21 Civ. 6798 (ER)

RAMOS, D.J.:

  Timothy Grosso brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security ("the Commissioner") regarding Grosso's claim for disability benefits under the Social Security Act. *See generally* Doc. 1; Doc. 13; *see also* Doc. 19 at 1–2. The Commissioner's final decision denied Grosso's claim for benefits for the period of November 5, 2011, through June 30, 2018. Doc. 1; Doc. 11-1 at 26–45. Grosso raises two grounds for remanding the Commissioner's final decision in light of the physical limitations he incurred during his former employment as a police officer: the final decision (1) was unsupported by substantial evidence and (2) failed to properly evaluate Grosso's credibility. Doc. 13 at 2, 12–17.

  Grosso and the Commissioner both moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Doc. 12; Doc. 17. Before the Court is the Report and Recommendation ("R & R") dated September 15, 2022, of Magistrate Judge Jennifer E. Willis, to whom this matter was referred for judicial review of both parties' Rule 12(c) motions. *See* Doc. 12; Doc. 17. In the R & R, Judge Willis recommended (1) granting Grosso's motion and (2) denying the Commissioner's motion. Doc. 19. Accordingly, Judge Willis recommended that the Commissioner's final decision

be remanded to an Administrative Law Judge for further proceedings. Doc. 19 at 30. The R & R also notified the parties that they had fourteen days from the day of its service to file written objections. *Id.* at 30–31. Neither party filed objections to the R & R.

For the reasons stated herein, the Court ADOPTS Judge Willis' R & R.

### I. STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also DeLeon v. Strack*, 234 F.3d 84, 87 (2d Cir. 2000) (citing *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997)). The court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

### II.   DISCUSSION

The Court has reviewed Judge Willis' thorough R & R and finds no error, clear or otherwise. Judge Willis reached her determinations after a careful review of the parties' submissions. *See* Doc. 19. The Court therefore ADOPTS the R & R in its entirety, (1) grants Grosso's motion for judgment on the pleadings, and (2) denies the Commissioner's motion for judgment on the pleadings.

Additionally, the parties' failure to file written objections precludes appellate review of this decision. *PSG Poker, LLC v. DeRosa–Grund,* No. 06 CIV. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N .Y. Aug. 15, 2008) (citing *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir. 1997)).

The Clerk of the Court is respectfully directed to terminate the motions. Doc. 12; Doc. 17.

It is SO ORDERED.

Dated:   October 7, 2022
         New York, New York

                                              _____
                                              EDGARDO RAMOS, U.S.D.J.